**INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**W. A. KNETEN, Appellee.**

No. 4707.

Court of Civil Appeals of Texas.

Waco.

June 27, 1968.

Rehearing Denied July 25, 1968.

Gary Norton, Branscomb, Gary, Thomasson & Hall, Corpus Christi, for appellant.

Francis I. Gandy, Butler, Schraub & Gandy, Corpus Christi, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Insurance Company from a judgment for plaintiff for "total permanent" in a compensation case.

Plaintiff Kneton alleged that an electrical shock, which he received from an electric drill while engaged in the course of his employment with O. J. Beck & Sons, precipitated a heart attack, and was the producing cause of total and permanent incapacity. Defendant by answer denied that plaintiff sustained an accidental injury in the course and scope of his employment which was the producing cause of any incapacity, and alleged that plaintiff's incapacity was caused solely by plaintiff's pre-existing condition or heart disease which was not related to or aggravated or accelerated by the electrical shock.

Trial was to a jury which found:

1) Plaintiff suffered an accidental injury on July 14, 1965.

2) Such injury was sustained in the course of his employment.

3) Such accidental injury was a producing cause of total incapacity.

4) Such a total incapacity commenced July 14, 1965.

5) Such total incapacity has been and will be permanent.

6) Plaintiff's incapacity was not due solely to pre-existing condition or disease.

The trial court entered judgment on the verdict for plaintiff for total permanent incapacity plus medical expenses.

Defendant appeals on 22 points, contending:

1) There is no evidence, or insufficient evidence, that plaintiff suffered an accidental injury on July 14, 1965.

2) There is no evidence, or insufficient evidence, that plaintiff sustained his heart attack in the course and scope of his employment on July 14, 1965.

3) There is no evidence, or insufficient evidence, that plaintiff suffered an accidental injury on July 14, 1965 which was a producing cause of any incapacity.

4) There is no evidence, or insufficient evidence, that plaintiff's incapacity was not due solely to pre-existing conditions or disease.

5) There is no evidence, or insufficient evidence, that the electrical shock incited, accelerated or aggravated plaintiff's heart condition or disease.

6) The trial court erred in overruling defendant's objection to plaintiff's questions asking Dr. Sloan about whether plaintiff's heart attack was caused by an electrical shock, because such questions were not based upon "reasonable medical probabilities."

7) There is insufficient evidence that plaintiff's incapacity will be permanent.

Defendant's first five contentions are based upon the issue of whether there was causal connection between the electrical shock received by plaintiff on July 14, 1965, and his heart attack.

Plaintiff testified that on July 14, he was operating an electric drill, that his arm was sweaty; that a bare (uninsulated) wire hit his wrist and gave him an electric shock; that he immediately commenced to feel bad and kept worsening; that he began to feel so bad he sat down for a while and then called Dr. Sloan and went to his office; that Dr. Sloan examined him; had his nurse give him a cardiogram; sent him to the hospital where he was put under oxygen, and remained there for 47 days; that he suffered a heart condition; and was claiming that it arose out of his employment.

Dr. Sloan testified that plaintiff came to his office on the afternoon of July 13th with a history of some chest pain; that he took a cardiogram which was within normal limits; that plaintiff came to him again on July 14th, and told him he had received a shock from an electric drill and about 40 minutes later had the same type pain he had on July 13th and previously; that he gave plaintiff an electrocardiogram on July 14th and that it was abnormal; that plaintiff suffered a heart attack, but he could not pin down whether it occurred on July 14, July 13 or the day or so before July 13, based upon reasonable medical probabilities. Dr. Sloan further testified that electricity can precipitate a coronary occlusion with infarction. The hospital record introduced into evidence without objection, reflected plaintiff was admitted to the hospital with chest pain after receiving an electric shock; that a cardiogram taken the day before was within normal range; but today's (14 July) cardiogram taken at 12:00 o'clock, some 2½ hours after the shock, revealed he had dramatic changes since the cardiogram of the previous day; and that plaintiff was sent to the hospital with the diagnosis of coronary occlusion with myocardial infarction.

And Dr. Sloan testified that a strong possibility existed that the electric shock plaintiff sustained could have precipitated his heart attack; but that he doubts whether it did or not.

■ It is the rule that the questions as to whether the deceased received an accidental injury in the course of his employment which caused injury, and whether his injury was accidental, are questions for determination by the jury. Carter v. Travelers Ins. Co., 132 Tex. 288, 120 S.W.2d 581; Texas Emp. Ins. Ass'n. v. Smith, CCA, Er. Ref., Tex.Civ.App., 235 S.W.2d 234; Texas Emp. Ins. Ass'n. v. Hatcher, CCA (nre), Tex.Civ.App., 365 S.W.2d 641.

Defendant contends that since Dr. Sloan's testimony that it was possible the electric shock precipitated plaintiff's heart

attack, amounts to no testimony, and that disregarding such testimony, there is no evidence, or insufficient evidence, of causation, (citing Insurance Co. of North America v. Myers, Tex., 411 S.W.2d 710). In Myers, the workman died of a malignant brain tumor. It was alleged that a cervical sprain injury aggravated the tumor. The court there held that whether such occurrence could aggravate the brain tumor was a question of science determinable only from the testimony of expert medical professionals, and since plaintiffs had no medical witness who testified in reasonable medical probability that it did, that recovery could not be sustained.

We think the Myers case not applicable to stroke or heart attack situations, and that disregarding Dr. Sloan's testimony as to possibility of connection between the electrical shock and plaintiff's heart attack, (as well as the testimony as to "possibility" in the hospital records), the jury were still authorized to answer the issues as they did, and that such answers are supported by sufficient probative evidence.

We come now to defendant's 6th contention, supra. Counsel for plaintiff asked Dr. Sloan if there was a possibility of a connection between the electrical shock plaintiff received and his heart attack. The trial court sustained the objection as to "possibility", but said: "We will hear whatever opinion he may have." Counsel for plaintiff then asked Dr. Sloan if he had not previously expressed an opinion of the possibility of a connection between the heart attack and the electrical incident. Counsel for defendant objected to this question but the trial court overruled such objection. Dr. Sloan then answered: "I think there is a possibility it could have." Thereafter Dr. Sloan further testified that he doubted whether the electric shock had any connection with plaintiff's heart attack, and testified he could not pin down, based upon reasonable medical probabilities, whether plaintiff had his heart attack on July 14th, or July 13th or the day or so before July 13th.

The hospital records stating Dr. Sloan's diagnosis that plaintiff's "coronary occlusion with myocardial infarction which possibly could have been precipitated by the electrical shock he received," was received into evidence without objection. Defendant waived its objection to the complained of testimony by permitting the same evidence to be later introduced. Lone Star Gas Co. v. Smith, CCA (nwh) Tex.Civ.App., 405 S.W.2d 238. In any event, we think the evidence harmless in view of the record as a whole. Rule 434, Texas Rules of Civil Procedure.

Defendant's 7th contention asserts the evidence insufficient to sustain the finding that plaintiff's incapacity will be permanent. Plaintiff testified that he first undertook to do light work in November of 1966; that he takes coumadin and peritrate daily; that he goes to the doctor once a month; that he exposed himself to heat on occasions since his illness and each time felt like he might black out. The doctor testified he was coming to him monthly; that he was taking a blood thinner. Plaintiff further testified he had shown no improvement since November, 1966, and felt he was as well as he was going to be. Plaintiff had a severe heart attack and is 61 years of age. We think the evidence ample to sustain the jury's finding that plaintiff's incapacity will be permanent. Texas Emp. Ins. Ass'n. v. Hoover, CCA (nre) Tex.Civ.App., 382 S.W.2d 174.

All of defendant's points and contentions have been considered and are overruled.

Affirmed.

WILSON, J., concurs in the result.