Thomas Edwin RUSSELL *v.* STATE of Arkansas

CR 86-19 712 S.W.2d 916

Supreme Court of Arkansas
Opinion delivered July 21, 1986

*Darrell E. Baker, Jr.*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. At trial, the appellant was convicted of two counts of rape and two counts of sexual abuse in the first degree. The victim was a nine year old girl. The single point of appeal concerns a question asked of the State's first witness, Dr. Donna Van Kirk, a licensed psychologist. The Deputy Prosecuting Attorney first asked Dr. Van Kirk if in her opinion the victim had been sexually abused. The appellant objected, and the trial court correctly ruled that the witness could not give her opinion about whether sexual abuse had, in fact,

occurred. Shortly afterward, the following took place:

[MR. ZISER, DEPUTY PROSECUTING ATTORNEY]:

Q. You have told us already that you took a history from Jennifer?

A. Yes.

Q. I assume that Jennifer told you some things about what may have happened to her?

A. Yes.

Q. And based on what she told you and based on your expertise in this area, is it consistent, is what she told you consistent with a child who has been abused?

A. Yes.

MR. BAKER: [DEFENSE ATTORNEY]:

Objection, Your Honor.

THE COURT:

Overrule the objection and permit it.

The appellant argues that the trial court erred in allowing the witness to answer whether the child's statements were consistent with sexual abuse because the subject matter was not beyond the common knowledge of the jury. The argument is meritorious.

██ The general test for admissibility of expert testimony is whether the testimony will aid the trier of fact in understanding the evidence or in determining a fact issue. Unif. R. Evid. 702; *B&J Byers Trucking, Inc.* v. *Robinson*, 281 Ark. 442, 665 S.W.2d 258 (1984). An important consideration in determining whether the testimony will aid the trier of fact is whether the situation is beyond the trier of fact's ability to understand and draw its own conclusions. *B&J Byers Trucking, Inc.* v. *Robinson*, *supra*. Here, lay jurors were fully competent to determine whether the history given by the victim was consistent with sexual abuse.

 Accordingly, we conclude the trial court erred in

admitting the testimony. The issue then becomes whether the error was prejudicial. The State's case against the appellant was so strong, and the error so inconsequential, that we find no prejudice.

The overwhelming evidence came primarily from the victim and a pediatrician. The victim's testimony was explicit, graphic, and unequivocal. Examples of her testimony are:

[BY MR. ZISER, DEPUTY PROSECUTING ATTORNEY]:

Q. Okay. And then what did he do?

A. Then he took his penis and he rubbed it up and down in my vagina, and he said — I jumped a little bit, and he said, "Don't jump or I'll stick it all the way in."

Q. Did he stick his penis part of the way in?

A. Yes. The head.

Q. Did he stick it all the way in or just part way?

A. Part of it.

. . .

Q. Okay. What did he do?

A. Well, he had — he told me to take my pants off, and he took his off, and he had this lotion that he rubbed on his penis and my vagina. He told me to lay down on the bed. And he — he was — well, his knees were around me. He was kneeling on the bed and rocking back and forth with his penis run into my vagina.

Q. Did his penis go actually part of the way inside you?

A. Yes.

Q. Just partially in?

A. Yes.

. . .

Q. After he stuck his penis part of the way inside of you, did you see anything else happen?

A. Well, the next thing that happened, he told me — well, we got up and he told me that he was going to lay down, and he told me that I had to do the same thing that he did, just opposite, and I had to rock back and forth.

Q. Okay. And what happened after that?

A. Then he stood up and he told me to sit on the bed, and he told me to suck his penis.

Q. Did you, in fact, do that?

A. Yes.

Q. Can you describe his penis when you put it in your mouth?

A. (There is a long pause.) It was — it was sort of hanging. It wasn't real straight, but it was sort of hanging down a little bit.

The pediatrician testified that at the time of her examination the victim had a stretched labia minora with healed lacerations. The healing of the lacerations indicated the tearing occurred at the time the victim said it did, and the tearing was consistent with partial penetration.

While the psychologist should not have been allowed to testify that the history given by the victim was consistent with sexual abuse, in truth, the testimony merely provided the jurors with a hint of the testimony which they would receive from the victim. The error was harmless and did not affect the judgment.

Affirmed.

HOLT, C.J., not participating.

HICKMAN and HAYS, JJ., concur.

PURTLE and NEWBERN, JJ., dissent.

STEELE HAYS, Justice, concurring. I concur in the result, but not in the view that the opinion given by Dr. Van Kirk was inadmissible. The appellant denied the acts altogether and claimed the accusations were inspired by the victim's mother in revenge for having been "jilted."

Thus, the basic fact issue was sharply controverted, and U.R.E. 702 recognizes determining a fact issue as one basis for the use of expert testimony. Whether Dr. Van Kirk's testimony cast a relevant light on that issue, and whether its probative value outweighed any prejudice was, I believe, a matter for the trial court's "broad discretion." *Ray* v. *Fletcher*, 244 Ark. 74, 423 S.W.2d 865 (1968); *Ark-La Gas Co.* v. *Maxey*, 245 Ark. 15, 430 S.W.2d 566 (1968); *Caldwell* v. *State*, 267 Ark. 1053, 594 S.W.2d 24 (C.A. 1980).

JOHN I. PURTLE, Justice, dissenting. I agree with the majority that it was error to allow witness Van Kirk to testify as set out in the first page of the opinion. However, I disagree with their conclusion that it was harmless error. The testimony was presented at the start of the state's case. Although such testimony may have been proper in the appropriate circumstances it was obviously prejudicial as presented in the case before us. At the time the witness testified, the 9 year old victim had not yet taken the stand nor had any of the "overwhelming evidence" relied upon by the majority been presented.

It is extremely difficult to state in exact or express terms the meaning of "prejudicial error." I have found no case which specifically defines "prejudicial error." *Black's Law Dictionary*, Fourth Edition, defines the term as: "Error substantially affecting appellant's legal rights and obligations."

Neither the majority nor the dissenters can determine the effect this testimony had on the jury. This victim had been the prosecuting witness in a previous sexual abuse case against another defendant. The evidence thus becomes less convincing with respect to this defendant. With which incident was the victim's testimony consistent? It may be sound judicial economy to refuse to reverse this case but judicial economy should not be accomplished at the expense of the criminal justice system and more particularly at the expense of individual rights.

This witness testified to the same effect in *Hall* v. *State*, 15 Ark. App. 309, 692 S.W.2d 769 (1985). In *Hall* the Court of Appeals stated:

It is our conclusion from the record in the case before us that the evidence of the expert, Dr. Van Kirk, tended to

focus the attention of the jury upon whether the evidence against the defendant matched the evidence in the usual case involving sexual abuse of a young child. . . . Other details could be recited but it is enough to say that we feel this type evidence was not of proper benefit to the jury in this case and that, as in *Bledsoe*, it was not introduced to rebut a misconception about the presumed behavior of a rape victim but to prove, as in *Saldana*, that the circumstances and details in this case match the circumstances and details usually found in child abuse cases. Of course, some of the expert's testimony in this case could be of benefit to the jury. Her testimony regarding the vocabulary that young children have to express their experience in sexual abuse cases is legitimate and beneficial evidence for the jury. But, overall, we find much of the expert's testimony distractive and prejudicial. . . .

Because of the admission of the evidence discussed above, over objections to testimonial generalities concerning the "dynamics" of child abuse, the conviction in this case must be reversed and the matter remanded for a new trial.

The testimony of Dr. Van Kirk was not relevant at this point of the trial. It may have never been relevant. Perhaps the victim would not have testified exactly as she did, or maybe not at all, if this witness had not paved the way and set the pattern of thinking for the jury. Certainly the "dynamics" of "child abuse syndrome" is of great assistance to society in general and people involved in matters relating to sexual abuse of children. It may have been proper later in the present trial but as in *Hall* I find it was prejudicial in this case. The "overwhelming evidence" referred to in the majority opinion is only the testimony of the victim. While her testimony alone might have been sufficient to sustain the conviction, in my opinion it does not, merely by virtue of its detailed nature, in the circumstances of this case, become so overwhelming as to overcome the error I regard as prejudicial.

I would reverse and remand for a new trial.

NEWBERN, J., joins in this dissent.