
# SUPREME COURT OF ARKANSAS

No. CR-12-1129

| | |
|---|---|
| JAMES E. MONTGOMERY<br>APPELLANT | **Opinion Delivered** March 20, 2014 |
| V. | APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NO. CR-08-129] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE BARBARA HALSEY, JUDGE |
| | REVERSED AND REMANDED. |

**PAUL E. DANIELSON, Associate Justice**

Appellant James Montgomery appeals from the order of the circuit court denying his petition for postconviction relief that he filed pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). Montgomery was convicted for the rape of his granddaughter, K.M., who at the time was six years old. He was sentenced to twenty-five years' imprisonment in the Arkansas Department of Correction; the court of appeals affirmed his conviction and sentence. *See Montgomery v. State*, 2010 Ark. App. 501 (*Montgomery I*). Following his appeal, Montgomery filed a timely petition for postconviction relief, which the circuit court denied without holding a hearing. Montgomery appealed the circuit court's order of denial, and this court affirmed in part and reversed and remanded in part for a hearing because it was not apparent from the face of the petition or the record that Montgomery was not entitled to relief on some of his claims. *See Montgomery v. State*, 2011 Ark. 462, 385 S.W.3d 189 (*Montgomery II*). In accord with our mandate, the circuit court held a hearing on those Rule

37 claims of Montgomery's specified in our opinion and entered its order denying him relief. Montgomery now appeals that order and asserts two points on appeal: (1) that the circuit court erred in its finding that his trial counsel did not render ineffective assistance of counsel when counsel failed to object to various witnesses' testimony that he claimed improperly bolstered the child victim's credibility, and (2) that the circuit court erred in its finding that his trial counsel was not ineffective for failing to object to inadmissible testimony regarding the behaviors of child sexual-abuse victims. We reverse and remand for a new trial.

This court does not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *See Golden v. State*, 2013 Ark. 144, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *See id*. In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *See id*. Our standard of review requires that we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *See id*.

In asserting ineffective assistance of counsel under *Strickland*, the petitioner must show that counsel's performance was deficient. *See Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the petitioner by the Sixth Amendment. *See id*. The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range

SLIP OPINION

of reasonable professional assistance. *See id*. The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *See id*.

In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *See id*. In doing so, the petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *See id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *See id*.

For his first point on appeal, Montgomery argues that the circuit court erred in failing to find his trial counsel, Mark Rees, ineffective, because Mr. Rees failed to object to testimony that Montgomery contends served to improperly bolster the credibility of the child victim. Montgomery claims that he was prejudiced by the repeated, improper and inadmissible opinions on the child's credibility in that the case against him relied almost solely on the credibility of the child victim. Montgomery challenges the circuit court's findings with respect to several witnesses. We conclude that Montgomery was prejudiced by his trial counsel's failure to object to certain testimony by Trish Smith, and it is on this basis that we reverse and remand for a new trial.

Here, Montgomery challenges the trial testimony of Trish Smith, a social worker at Arkansas Children's Hospital, who was questioned about the allegations by K.M. that

Montgomery's inappropriate touching of her took place while K.M. and Montgomery were under a blanket watching television, with K.M.'s grandmother sitting on the other side of Montgomery:

PROSECUTOR: Well, let me ask you, Trish, based upon your experience in dealing with victims of sexual abuse and [K.M.] is telling you a scenario about how it's her, it's the alleged perpetrator, and then this other lady. Is that believable? Is that plausible on any other cases that you've ever worked that involved digital penetration or any type of sexual abuse?

MS. SMITH: Well, it doesn't require a whole lot of motion or even necessarily to take her clothes off. He could have been reaching inside of her pajamas or her panties without disturbing anything else while you're watching TV.

PROSECUTOR: Anything about the incident that she describes about that occurring, anything to cause you to believe that, that is not real, that could not have happened just because of another person being in possible close proximity?

MS. SMITH: No. And I don't know that grandmother was awake, I mean, that she was present. She could have fallen asleep. I don't know. And I don't know that [K.M.] knew.

He also takes issue with Ms. Smith being questioned regarding her thoughts on whether K.M.'s mother, Vonda Montgomery, had coerced K.M. into making the allegations against him:

PROSECUTOR: Based upon your conversation that you had with the mother, do you feel that she in any way coerced the child into the statements that she made to you?

MS. SMITH: No. I don't think she did and [K.M.] didn't act like this was anything that was coerced at all.

4

Montgomery asserted that Mr. Rees should have objected in each instance.[1] At the Rule 37 hearing, Mr. Rees acknowledged that there was "probably some opinion [testimony] in there" about both the credibility of the accusations and "how people generally respond in child abuse cases." He testified that, at the time, he was under the assumption that Ms. Smith could testify "to her opinion and to what the child told her" pursuant to a pretrial ruling by the circuit court. He admitted that he did not object to the testimony. In addition, Mr. Rees testified that he did not know if "opinion evidence of coercion" was admissible. In its order, the circuit court found that Mr. Rees's failure to object to Ms. Smith's testimony on the basis that it went to K.M.'s credibility was a matter of trial strategy.

In order to demonstrate prejudice for a failure to object, Montgomery must have submitted facts to support the proposition that Mr. Rees could have raised a specific, meritorious argument and that failing to raise that specific argument would not have been a decision supported by reasonable professional judgment. *See, e.g.*, *Lambert v. State*, 2012 Ark. 150 (per curiam). Relying on the decisions of this court in *Buford v. State*, 368 Ark. 87, 243 S.W.3d 300 (2006); *Hinkston v. State*, 340 Ark. 530, 10 S.W.3d 906 (2000); and *Logan v. State*, 299 Ark. 255, 773 S.W.2d 419 (1989), Montgomery claims that this court has deemed inadmissible any testimony by a witness that expresses an opinion on the truthfulness of other testimony, such as the testimony by Ms. Smith.

This court has consistently recognized that an expert's or a witness's testimony opining

---

[1] We note that while Mr. Rees received assistance from another attorney with Montgomery's case, Mr. Rees served as lead counsel, and Montgomery's allegations of ineffective assistance are directed toward Mr. Rees's representation only.



or directly commenting on the truthfulness of a victim's statement or testimony is generally inadmissible. *See, e.g.*, *Keck v. State*, 2012 Ark. 145; *Buford*, 368 Ark. 87, 243 S.W.3d 300; *Hill v. State*, 337 Ark. 219, 988 S.W.2d 487 (1999); *Logan*, 299 Ark. 255, 773 S.W.2d 419. *See also Purdie v. State*, 2010 Ark. App. 658, 379 S.W.3d 541; *Cox v. State*, 93 Ark. App. 419, 220 S.W.3d 231 (2005). The rationale behind this rule is that such testimony invades the province of the jury. *See, e.g.*, *Buford*, 368 Ark. 87, 243 S.W.3d 300. Indeed, the jury alone determines the credibility of the witnesses and apportions the weight to be given to the evidence. *See id.*

At first blush, Ms. Smith's testimony regarding K.M.'s allegations might not appear to directly comment on K.M.'s credibility or truthfulness; however, a closer inspection reveals that her testimony not only conveys Ms. Smith's opinion that K.M.'s version of events was conceivable or possible, but that K.M.'s allegations were believable as well. In other words, the "essence" of Ms. Smith's testimony is that she thought that K.M. was telling the truth. *E.g.*, *Logan*, 299 Ark. at 257, 773 S.W.2d at 420 (holding that it was clear from the hypotheticals posed to the doctor-witnesses that the doctors were informing the jury of their opinions that the victim was telling the truth). Similarly, Ms. Smith's testimony that she did not believe K.M. had been coerced by her mother can only be considered an opinion pertaining to K.M.'s credibility.

In light of our precedent, it is clear to this court that Mr. Rees could have raised a specific, meritorious argument as to Ms. Smith's testimony set forth above and that Montgomery has therefore met the first requirement of *Strickland* by showing that Mr. Rees's

performance was deficient for failing to do so. Mr. Rees's testimony at the Rule 37 hearing makes evident that his failure to object was not a matter of trial strategy as the circuit court found but was the result of his misunderstanding of the circuit court's pretrial ruling regarding Ms. Smith's testimony and his incognizance of this court's prior decisions. Simply put, Mr. Rees's failure to raise the specific, meritorious argument was not a decision supported by reasonable professional judgment.

We further hold that Montgomery has also satisfied *Strickland*'s second requirement that Mr. Rees's deficient performance prejudiced Montgomery's defense. We observed in *Montgomery II* that Montgomery's "case turned on the credibility of the child-victim." 2011 Ark. 462, at 19, 385 S.W.3d at 203. *See also Winfrey v. State*, 293 Ark. 342, 738 S.W.2d 391 (1987) (observing that the uncorroborated testimony of a child rape victim is sufficient evidence to sustain a conviction). As such, we are compelled to conclude that, because Ms. Smith's testimony included her impermissible opinion on K.M.'s truthfulness and the credibility of K.M.'s claims, there is a reasonable probability that the jury's decision would have been different absent Mr. Rees's failure to object. Accordingly, it is on the basis of this testimony by Ms. Smith that we reverse the circuit court's order denying relief under Rule 37 and remand for a new trial.

While Montgomery asserts other instances in which he claims that his counsel's assistance was ineffective, we need not address the merits of those claims, as we have already determined that Montgomery is entitled to a new trial on the foregoing basis. *See, e.g.*, *Rackley v. State*, 2014 Ark. 39; *Collins v. State*, 324 Ark. 322, 920 S.W.2d 846 (1996).

Reversed and remanded.

*Jeff Rosenzweig*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.

7