SLIP OPINION

Cite as 2016 Ark. 164

# SUPREME COURT OF ARKANSAS
**No.** CR–15–857

| | |
|---|---|
| ALVIN T. FUKUNAGA<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** April 14, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. 60CR-12-284]<br><br>HONORABLE BARRY SIMS, JUDGE<br><br><u>AFFIRMED</u>. |

## RHONDA K. WOOD, Associate Justice

After a jury trial, Alvin Fukunaga was convicted of rape and sentenced to ten years in prison. He contends that he received ineffective assistance of counsel when his defense attorney failed to object to testimony that allegedly bolstered the victim's credibility. The circuit court rejected this claim. We affirm the circuit court's judgment.

In March 2012, Alvin Fukunaga was charged with rape. His step-granddaughter had alleged that Fukunaga started sexually abusing her when she was twelve years old. At trial, the victim, then twenty-three, repeated these allegations and also testified that Fukunaga had raped her multiple times when she was sixteen. The victim also identified a mole on Fukunaga's upper thigh, something she noticed in the course of the abuse.

A sheriff's deputy also testified. The deputy described, briefly, his experience investigating "hundreds" of sexual-abuse allegations. The deputy testified that it was "very, very difficult for [the victims] to bring out what has occurred to them because it was very traumatic to them." The deputy stated that, in his experience, abuse victims sometimes

disclose the abuse long after the fact for fear of breaking up a family unit. Finally, in response to the prosecutor's inquiry whether "someone who suffers sexual abuse has repressed or they just bury deep down," the deputy responded as follows:

> They do bury deep down. And, you know, during the interview process, I may mention something that will cause them to click and say, okay . . . you know what, that reminds me of something else. And so it depends on the interview also on how that is going. . . . My questions may cause them to recall something else that, you know, they have been held way deep down inside.

Fukunaga's defense counsel never objected to this line of questioning. However, on cross-examination, the deputy admitted that he was neither a psychologist nor an expert on "the nature of memory."

The jury found Fukunaga guilty. On direct appeal, our court of appeals affirmed his conviction. *See Fukunaga v. State*, 2014 Ark. App. 4. After the court of appeals issued its opinion, Fukunaga filed a petition for postconviction relief at the circuit court. Fukunaga argued that he received ineffective assistance of counsel because his defense counsel failed to object to the deputy's testimony. A hearing was held on the petition. There, defense counsel testified that he thought the deputy's testimony was admissible and, regardless, that he could "neutralize it on cross-examination." Counsel also noted that "as a general rule in my trial practice I try not to object very much at all . . . if I can get the same result through something other than an objection."

The circuit court issued a written order denying Fukunaga's claim of ineffective assistance of counsel. Among other things, the circuit court held that defense counsel's failure to object was based on trial strategy and that his performance was therefore not deficient. Because this finding is not clearly erroneous, we affirm on this basis alone. *See*

SLIP OPINION

*State v. Lacy*, 2016 Ark. 38, at 4, ___ S.W.3d ___, ___ ("We do not reverse the . . . denial of postconviction relief unless the circuit court's findings are clearly erroneous.").

Under the two-prong standard from *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner seeking postconviction relief must show that his counsel's performance was deficient and that the deficient performance resulted in prejudice. *See Feuget v. State*, 2015 Ark. 43, 454 S.W.3d 734. "There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and the petitioner has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment." *Id.* at 4, 454 S.W.3d at 738. "Matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel." *Noel v. State*, 342 Ark. 35, 41–42, 26 S.W.3d 123, 127 (2000). In short, a matter of reasonable trial strategy does not constitute deficient performance. *See, e.g.*, *State v. Fudge*, 361 Ark. 412, 425, 206 S.W.3d 850, 860 (2005) (holding that counsel's decision to not investigate certain mitigating evidence was "within the wide range of reasonable professional assistance" and was not deficient performance).

Counsel testified during the postconviction hearing that his decision not to object to the deputy's testimony was based on trial strategy. He stated the following: "[R]egardless of its admissibility I didn't think it was damaging in any way that couldn't be addressed on cross-examination." Indeed, at trial, counsel followed-up and addressed the issue on cross-examination by having the deputy admit that he was neither a psychologist nor an expert in

memory-retrieval; the deputy also admitted that some rape allegations were fabricated, which advanced the defense's theory of the case. Counsel further explained his general preference, as a matter of trial strategy, to withhold objections on direct examination and instead attack the testimony on cross-examination: "[R]ather than objecting in front of a jury who wonders what sort of testimony I am scared of or trying to hide from them, I'd much rather do that. I think the client is better served that way." Counsel's strategy was within the realm of reasonable professional judgment.

The deputy's testimony, moreover, played a small role in the present case. Most of his testimony was based on his own experience investigating sexual-abuse allegations. Even beyond this, counsel pointed out on cross that the deputy was not an expert, so the jury had no special reason to give his testimony undue credit. *Cf. United States v. Rosales*, 19 F.3d 763, 766 (1st Cir. 1994) (finding no plain error when expert witness bolstered victim's testimony while also noting that expert testimony could create prejudice due to its "aura of special reliability and trustworthiness").

We note that this case is unlike *Montgomery v. State*, where we found ineffective assistance after counsel failed to object to explicit bolstering testimony. 2014 Ark. 122. There, the defendant was charged with raping a child. During the State's case, the prosecutor asked a social worker whether the victim's allegations were "believable." 2014 Ark. 122, at 4. The prosecutor also asked whether the victim's allegations had been coerced by the victim's mother. *Id*. Counsel failed to object to either question. *Id.* Because the case "turned on the credibility of the child victim," we held that the defendant proved ineffective assistance based on counsel's failure to object. *Id*. at 7.

There are two key distinctions between this case and *Montgomery*. First, the State here never asked the deputy whether the victim's allegations were "believable" or to otherwise assess the victim's credibility; rather, the deputy simply reflected on his experience investigating abuse allegations. Second, counsel in *Montgomery* never testified that his decision to withhold objections was based on trial strategy; here, though, counsel withheld an objection because he did not want the jury to think he was afraid of the deputy's testimony.

In conclusion, we affirm the circuit court's ruling that counsel's failure to object was based on trial strategy. Because we can affirm on this basis, we decline to address Fukunaga's argument that he suffered prejudice because "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Henington v. State*, 2012 Ark. 181, at 5, 403 S.W.3d 55, 59 (citing *Strickland*, 466 U.S. at 697).

Affirmed.

WYNNE, J., concurs.

**ROBIN F. WYNNE, Justice, concurring.** I agree with the majority's decision to affirm the denial of appellant's petition for postconviction relief. I would, however, affirm on a different basis than that relied on by the majority.

The majority affirms the circuit court's order denying the petition for postconviction relief on the basis that the decision not to object to the deputy's testimony was one of trial strategy by appellant's trial counsel. As recited by the majority, counsel testified at the hearing on the petition that he did not object to the testimony at issue because he did not

want the jury to think he was afraid of the deputy's testimony. Decisions regarding trial strategy must be based on reasonable professional judgement. *See Stewart v. State*, 2014 Ark. 419, 443 S.W.3d 538. I cannot accept that a decision not to object to testimony clearly beyond the purview of a lay witness because counsel does not want to be seen as being "afraid" of the testimony is a decision that springs from reasonable professional judgment. Therefore, I would not affirm the trial court's decision on the basis that the decision was one of trial strategy.

However, in addition to a showing of deficient performance, a petitioner must show that counsel's deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *See Adams v. State*, 2013 Ark. 174, 427 S.W.3d 63. In doing so, the petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id.* Here, appellant failed to demonstrate a reasonable probability that an objection to the deputy's testimony would have caused the jury to reach a different verdict, in light of the other evidence presented by the State at trial. Thus, I would affirm the trial court's decision on the basis that appellant failed to demonstrate prejudice.

*Jeff Rosenzweig*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.