Cite as 2021 Ark. App. 441

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–21–91

| | | |
|---|---|---|
| ANTHONY WARREN | | **Opinion Delivered** November 10, 2021 |
| | APPELLANT | APPEAL FROM THE NEVADA COUNTY CIRCUIT COURT [NO. 50CR-18-159] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE RANDY WRIGHT, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## MIKE MURPHY, Judge

The appellant Anthony Warren appeals the order of the Nevada County Circuit Court denying his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. On appeal he argues that he was not provided with effective assistance of counsel because (1) counsel should have objected to witness testimony bolstering the victim's credibility and (2) counsel failed to adequately prepare witnesses for trial. We affirm.

The uncorroborated testimony of a rape victim is sufficient to support a conviction of rape. *Brown v. State*, 374 Ark. 341, 343, 288 S.W.3d 226, 228–29 (2008). Likewise, a victim's testimony alone describing the sexual contact is enough to sustain a sexual-assault conviction. *Worrall v. State*, 2020 Ark. App. 1, at 5–6, 593 S.W.3d 491, 494–95. It stands to reason, then, that issues surrounding the credibility of that witness are of paramount importance. In fact, we have held that when the outcome of a trial hinges on the credibility of the victim and the statements made by the victim to third parties, erroneous admission

of testimony bolstering that victim's credibility can be so prejudicial as to warrant reversal. *Purdie v. State*, 2010 Ark. App. 658, 379 S.W.3d 541; *Cox v. State*, 93 Ark. App. 419, 220 S.W.3d 231 (2005). The rationale behind this rule is that such testimony invades the province of the jury. *Buford v. State*, 368 Ark. 87, 243 S.W.3d 300. Indeed, the jury alone determines the credibility of the witnesses and apportions the weight to be given to the evidence. *Id.*

In Warren's trial, there was, unquestionably, testimony elicited by the State that could be classified as nothing but bolstering. The school counselor was asked directly if she thought the victim was making the story up; if she told the investigator she believed the victim; and if she did, in fact, believe the victim. The state police investigator was explicitly asked if he found the allegations of rape and sexual assault credible and substantiated. A detective from the local police department was asked if he found the information from the investigator reliable.

The issue, however, is not that there was impermissible bolstering; the issue is whether the failure to object to the bolstering warrants a designation of ineffective assistance of counsel. We will not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Montgomery v. State*, 2014 Ark. 122, at 2–3. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *See id.* In deciding a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *See id.* Our standard of review requires that we assess the

effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984).

In asserting ineffective assistance of counsel under *Strickland*, the petitioner must show that counsel's performance was deficient. *See Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the petitioner by the Sixth Amendment. *Id*. The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id*.

In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Id*. In doing so, the petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*.

The appellant argues that this case is similar to *Montgomery v. State*, 2014 Ark. 122. In *Montgomery*, the defendant had been convicted for the rape of his then six-year-old granddaughter. *Id*. His convictions were affirmed on appeal. *Id*. In his following ineffective-assistance-of-counsel petition, he asserted that the circuit court erred in its finding that his trial counsel was not ineffective for failing to object to inadmissible testimony regarding the

behaviors of child sexual-abuse victims. *Id*. The supreme court agreed and explained that it was probable that the jury's conclusions might have been different had counsel properly objected. *Id*. Montgomery was afforded a new trial.

The facts in *Montgomery*, however, differ from the facts here in one important regard. In *Montgomery*, counsel explained that his failure to object to the bolstering was because he had misunderstood an earlier ruling by the court. Here, however, at the Rule 37 hearing, trial counsel explained that there was "a very specific strategy behind" his decision to challenge the testimony of the school counselor, the investigator, and the officer on cross-examination rather than by objection. He was aware he could object to the bolstering; instead, he chose to demonstrate on cross-examination that the witnesses "just blindly believed [the victim] without any foundation or any basis for doing so." He said that this strategy had worked for him in a similar case just the week before.

Under the two-prong standard set forth in *Strickland*, *supra*, there is a wide range of reasonable professional assistance in which counsel's conduct may fall. To succeed on a Rule 37 petition, the petitioner must identify acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Feuget v. State*, 2015 Ark. 43, at 4, 454 S.W.3d 734, 738. Matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel. *Noel v. State*, 342 Ark. 35, 41–42, 26 S.W.3d 123, 127 (2000). Accordingly, while this case is factually similar to *Montgomery*, because trial counsel explained that his decision to not object was part of a trial strategy and not some misunderstanding, we affirm the circuit court's ruling

4

that counsel's failure to object was based on trial strategy. *See Fukunaga v. State*, 2016 Ark. 164, at 3, 489 S.W.3d 644, 646.

Next, Warren contends that counsel failed to adequately prepare the witnesses for trial, and that failure rendered his assistance of counsel ineffective. An ineffective-assistance claim predicated on an alleged failure to investigate potential witnesses must demonstrate how a more searching pretrial investigation would have changed the result of the trial. *Wertz v. State*, 2014 Ark. 240, at 6, 10, 434 S.W.3d 895, 903–04. A Rule 37 petitioner alleging a failure to investigate potential witnesses must identify the witnesses, provide a summary of their anticipated testimony, and establish that the testimony would have been admissible into evidence. *Id.* at 10, 434 S.W.3d at 903. The petitioner cannot demonstrate prejudice from an alleged lack of investigation or witness preparation when the record establishes that a witness's testimony would not have changed if the witness had spent more time with trial counsel. *Rhodes v. State*, 2011 Ark. 409, at 4. If a petitioner fails to demonstrate prejudice, his ineffective-assistance claim also fails. *Id.*

The circuit court found that any alleged deficiency in witness investigation or preparation did not prejudice Warren. At the Rule 37 hearing, one witness, Tunga Morrison, said that she would not have added anything to her testimony. Another witness, Recordo Walker, testified that he had told the truth at trial. Of the remaining three witnesses, Warren does not identify what testimony further investigation or preparation would have secured from them. Nor did Warren's Rule 37 expert identify what additional information his own investigation uncovered or identify any missing testimony that would have been key to changing the trial's outcome.

Warren failed to demonstrate inadequacy in trial counsel's investigation and witness preparation and failed to establish prejudice from the alleged deficiency. Absent some showing that further investigation and preparation would have resulted in testimony leading to a different outcome, the trial court's finding was not clearly erroneous.

Affirmed.

BARRETT and VAUGHT, JJ., agree.

*James D. Stayton*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.