Francisco Rosas GONZALEZ *v.* STATE of Arkansas

CA CR 89-320                                    794 S.W.2d 620

Court of Appeals of Arkansas
Division I
Opinion delivered September 5, 1990

*Richard A. Garrett*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant was convicted by a jury of possession of a controlled substance (marijuana) with intent to deliver and sentenced to serve 20 years in the Arkansas Department of Correction and a fine of $15,000.00. Appellant does not challenge the sufficiency of the evidence, but argues the

trial court erred in refusing to quash the jury panel and in refusing to find the vehicular stop and subsequent search illegal.

On the day of trial, the court announced the charges against appellant and stated: "We're here today for the trial of that matter. We've also got a number of other things to take up and I am going to go ahead and proceed with them at this time. You ladies and gentlemen who are here as jurors, if you'll just be patient it won't take but a few minutes and maybe we'll get some of the courtroom cleared out and then we'll proceed with the trial." The court then proceeded, in the presence of the jury panel, with the arraignment of approximately 30 individuals on drug charges. At the conclusion of the arraignments, and immediately before the clerk drew the names of prospective jurors for the present case, the appellant moved to quash the entire panel because of the alleged prejudicial effect of the plea and arraignment session. The court denied appellant's motion and proceeded with the draw.

During juror voir dire the appellant's attorney asked the first 12 veniremen whether the fact that they sat there and saw the arraignment gave them bad feelings about people charged with crimes involving drug use, delivery, or sale. No juror responded in the affirmative. However, five jurors were excused on peremptory challenges by the appellant and one by the state. No juror was challenged or excused for cause. Six new veniremen were then called and counsel asked whether any of them was bothered by the fact that there were 31 or 32 arraignments on drug charges that morning. One, Ms. Shaffer, responded it bothered her, and she was subsequently excused by the state through the exercise of a peremptory challenge. None of the additional six were challenged or excused for cause.

Appellant first argues on appeal that the court erred in refusing to quash the jury panel. Appellant states he is guaranteed the right to a trial by an impartial jury, U.S. Const. amend. VI; Ark. Const. art. 2, § 10; that a jury cannot be predisposed to find guilt, *United States* v. *McIver,* 688 F.2d 726 (11th Cir. 1982); and that it is proper for the entire panel to be quashed if they cannot render an impartial decision, *United States* v. *Stratton,* 649 F.2d 1066 (5th Cir. 1981). Appellant also contends that the arraignment could do nothing other than prejudice the

panel against someone charged with violation of drug laws and that the statements the jurors made coupled with the fact they brought back the maximum sentence leaves one no choice but to conclude the jury had presumptive bias. The case of *Pickens* v. *State*, 260 Ark. 633, 542 S.W.2d 764 (1976), is cited in support of this conclusion. However, in that case the court, citing *Holland* v. *State*, 260 Ark. 617, 542 S.W.2d 761 (1976), found no error in not dismissing jurors merely because they had sat on previous cases involving the sale of controlled substances. The *Pickens* opinion also stated that the appellant's attorney had extensively voir dired the jurors and "no prejudice or bias was revealed because of having served on the previous trial." The trial court was reversed, however, for not excusing a particular juror for cause where that juror gave equivocal answers to questions concerning his ability to impartially judge the witnesses' credibility and whether he had formed an opinion as to his verdict.

In the present case, several jurors stated on voir dire that they took the drug laws seriously, were concerned and were shocked to see there is really a problem, and were surprised there were so many people involved in drugs. But, only Ms. Shaffer responded she was concerned by the arraignments, and she was excused by the state. Moreover, appellant's counsel sat without objecting to the jury's presence during the arraignment proceedings and objected only after the entire process was completed. An immediate objection could have avoided the problem as the trial court could have excluded the jury. In addition, the jury was instructed that it was to determine the facts from the evidence produced at trial; that it was to apply the law as contained in the instructions to the facts; and that it should render a verdict upon the evidence and the law. Jurors are presumed to follow the instructions given them by the trial court, *Logan* v. *State*, 300 Ark. 35, 776 S.W.2d 341 (1989), and we cannot say they did not do so in this case.

The constitutional guaranty of an impartial jury is a judicial question addressing itself to the sound discretion of the trial court, which will not be reversed absent a manifest abuse of that discretion. *McFarland* v. *State*, 284 Ark. 533, 548, 684 S.W.2d 233, 242 (1985). Under the circumstances of this case, we find the trial court did not err in denying appellant's motion to quash the jury panel.

Appellant's second argument for reversal is that the trial court erred in denying his motion to suppress evidence because of an allegedly illegal vehicular search. Appellant contends he was stopped for following too closely which has nothing to do with possession of a controlled substance; that there is no rational relationship between the reason the vehicle was stopped and the search; and that the odor of marijuana the officer contends he smelled did not rise to the necessary reasonable belief required for a warrantless search.

At the hearing on appellant's motion to suppress, Officer B.R. Skipper testified appellant's vehicle "ran up on the back" of a vehicle in front of it and traveled behind it so closely that the officer believed it to be unsafe. After the stop, appellant told the officer that the vehicle was rented and when appellant stepped from the vehicle, Officer Skipper noticed what he believed to be a faint odor of marijuana. The officer advised appellant he was going to be issued a citation for following too closely and appellant appeared extremely nervous and unsure. When questioned about the vehicle being rented, appellant appeared confused; wanted to know why the officer was inquiring; and with each question became more nervous. Officer Skipper testified that after issuing the citation, he asked appellant whether he had time to show the officer what was in the trunk; that appellant went to the driver's side of the vehicle and retrieved the keys from the ignition; and that he came back to the rear of the vehicle and began to place the key in the trunk lock. The officer said that about the time appellant started to turn the key he turned it back and pulled it back out; the officer asked appellant if there was a problem and appellant said he didn't have a trunk key. The officer said he told appellant that sometimes the ignition key will work in the trunk and asked if appellant minded his trying it. The officer said appellant handed him the keys and when he opened the trunk an enormous odor of marijuana emanated from it. The officer said he saw a large, or more than one garbage bag; that he placed appellant under arrest, advised him of his rights, and called for another trooper. He then looked into the garbage bag and located what he believed to be marijuana.

■■ The trial court denied appellant's motion to suppress because (1) there was probable cause for the search and (2) there was valid consent to the search. We do not discuss the probable

cause finding as we affirm the finding of valid consent. It is clear that the officer in this case was authorized to stop appellant for the traffic violation of following too closely. Rule 4.1(a)(iii) of the Rules of Criminal Procedure provides that a law enforcement officer may arrest a person for any violation of law committed in the officer's presence, and Ark. Code Ann. § 27-51-305(a) (1987) provides that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent. When the appellate court reviews a trial court's ruling on a motion to suppress evidence, it makes an independent determination based upon the totality of the circumstances and reverses only if the trial court's ruling was clearly against the preponderance of the evidence. *Campbell* v. *State,* 27 Ark. App. 82, 766 S.W.2d 940 (1989). Although the appellant admitted that he gave the car keys to the officer, he denied that he consented to the search. Therefore, the state had the burden of proving there was a voluntary consent and that it was not the product of duress or coercion. *Alford* v. *State,* 291 Ark. 243, 724 S.W.2d 151 (1987). Based upon the law and the totality of the circumstances, we find that the appellant voluntarily consented to the search of the trunk of the car he was driving and that the trial court was correct in refusing to grant appellant's motion to suppress.

Affirmed.

COOPER and JENNINGS, JJ., agree.