Timothy BLACK *v.* STATE of Arkansas

CACR 94-540                                    901 S.W.2d 849

Court of Appeals of Arkansas
Division II
Opinion delivered June 21, 1995

*Paul H. Lee*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Veda Berger*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. Appellant was convicted by a jury of kidnapping, rape, and battery in the second degree. He was sentenced to twenty years for kidnapping, a class Y felony, ten years for rape, and six years for battery in the second degree. The kidnapping and rape sentences were to run consecutively and the battery sentence was to run concurrently. On appeal, appellant argues that there was insufficient evidence to support his conviction for a class Y felony kidnapping and that the trial court abused its discretion in denying his requests to quash the jury and to declare a mistrial. We disagree and affirm.

■■ First, appellant argues that the evidence was insufficient to support his conviction for kidnapping, a class Y felony. The test for determining sufficient proof is whether there is substantial evidence to support the verdict; on appeal, the court reviews the evidence in the light most favorable to the appellee and sustains the conviction if there is any substantial evidence to support it. *Schwede* v. *State*, 49 Ark. App. 87, 896 S.W.2d 454 (1995). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Tigue* v. *State*, 319 Ark. 147, 889 S.W.2d 760 (1994).

Arkansas Code Annotated § 5-11-102 (Repl. 1993) provides in part:

> (a) A person commits the offense of kidnapping if, without consent, he restrains another person so as to interfere substantially with his liberty with the purpose of:

. . .

(4) Inflicting physical injury upon him, or of engaging in sexual intercourse, deviate sexual activity, or sexual contact with him.

(b) Kidnapping is a Class Y felony, except that if the defendant shows by a preponderance of the evidence that he or an accomplice voluntarily released the person restrained alive and in a safe place prior to trial, it is a Class B felony.

The record reveals that appellant followed his ex-girlfriend, Brenda Nicholas, and began ramming his truck into her car, forcing her off the road; he threw a car battery through the back window of the victim's car to reach her; he grabbed the victim by her hair and started hitting her; he then dragged her out of her car and put her in his truck, and drove her to a country road, where he kicked her repeatedly, and told her he was going to kill her. Appellant picked up the victim and put her back in his truck and asked if she wanted to have sex. The victim responded "whatever." After having intercourse with her, appellant began beating her again. He eventually took the victim home but refused to take her to a doctor. Minutes after appellant left, the sheriff arrived, and Ms. Nicholas was taken to the hospital.

Appellant argues that the penalty range for the offense of kidnapping should be reduced from a class Y felony to a Class B felony because there was evidence that he had left appellant alive and in a safe place.

The State responds that the victim was not released in a safe place given the physical condition in which she was left, and argues that the only safe place that the victim could have been released was the hospital. We agree.

Ms. Nicholas testified that she was unconscious while traveling in appellant's truck from the time he dragged her out of her car until they stopped on a country road where appellant began to beat her again. The record indicates that appellant drove the victim back to her trailer after beating her and having intercourse with her. She testified that when she viewed herself in the mirror, she requested that appellant take her to the hospital. According to Ms. Nicholas, appellant declined to assist her stat-

ing that the "law" would be after him. The victim testified that appellant told her that he was leaving to get his cousin to drive her to the hospital. The record reveals that Ms. Nicholas had been beaten repeatedly in the head and face. The medical evidence shows that she suffered lacerations on her face, one requiring stitches which resulted in a permanent scar; that Ms. Nicholas suffered five broken ribs, and her left eardrum was traumatically ruptured; and that Ms. Nicholas required several hours of medical treatment and hospital stay for her injuries.

Sheriff Ray Gack testified that, when he arrived at Ms. Nicholas' home, she was covered in blood, appeared to have been severely beaten, was unsteady on her feet, and almost lunged out of the door of the house when she opened it.

██ It is a question of fact for the jury to decide which of the kidnapping felonies apply in a particular case. *See Clark v. State*, 292 Ark. 69, 727 S.W.2d 853 (1987). Based on the evidence in this case, the jury could have found that Ms. Nicholas was not left in a safe place due to her physical condition. We cannot say that the trial court erred in denying appellant's motion.

In concluding on this point, we note that this case is unlike that of *Griffin v. State*, 2 Ark. App. 145, 617 S.W.2d 21 (1981). There, the victim was released a block from her house. However, there is no indication from that opinion that the victim had been harmed in anyway, which differs quite dramatically from the facts in the case at bar.

Next, appellant contends that the evidence was insufficient to sustain his conviction for second degree battery. Appellant argues that the victim was not seriously, physically injured as set forth in Ark. Code Ann. § 5-13-202(a)(1) (Repl. 1993).

Arkansas Code Annotated § 5-13-202(a)(1) provides:

A person commits battery in the second degree if:

(1) With the purpose of causing physical injury to another person, he causes serious physical injury to any person.

Arkansas Code Annotated § 5-1-102(19) (Repl. 1993) provides:

"Serious physical injury" means physical injury that creates a substantial risk of death or that causes protracted

disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ.

■ In the case at bar, the record indicates that the victim was hit repeatedly in the head and face with the appellant's fist. She was also kicked repeatedly. She suffered various lacerations on her face, including a cut on her lip, a star-shaped cut on her right eyelid, and a two-inch cut on her forehead requiring stitches. The victim has a permanent scar on her forehead as a result of the two-inch cut. She also sustained numerous bruises on her chest, back, upper thighs, and her left knee. X-rays revealed that five of Ms. Nicholas' ribs on the right side of her body were broken. Also, her left eardrum was traumatically ruptured by the beating. She remained in the emergency room for three and one half hours, and subsequently remained in the hospital for thirty-six to forty-eight hours. We cannot say that there is no substantial evidence to support appellant's conviction for second degree battery. *See Lum* v. *State*, 281 Ark. 495, 665 S.W.2d 265 (1984).

Appellant also argues that the trial court abused its discretion in denying his motion to quash the jury when the trial judge commented on the evidence.

The record reveals that the trial judge heard loud noises before the information had been read or the jury had undergone *voir dire*. In response to these noises, the trial judge stated:

> I believe we're going to have to ask the people in the office in there to not talk so loud. I hate to walk into somebody's office and tell them to not be so loud, but you know, they say your rights end where the other fellow's nose begins and I think our nose begins at that wall, and it's a very thin wall.

At that point, appellant moved to quash the jury claiming the remark could prejudice the jury against him because the case involved a battery charge with allegations of serious physical injuries. The trial court denied the motion.

■■ A trial court's decision to grant or deny a motion to quash a jury panel on the ground that it cannot be impartial will not be reversed on appeal absent a showing of a manifest abuse of that discretion. *Gonzalez* v. *State*, 32 Ark. App. 10, 794 S.W.2d

620 (1990). It is clear from the record that the judge was not commenting on the evidence, but merely stating that the occupants next door were too loud and needed to be told to be quieter. We would also point out that at the time the comment was made there was no evidence presented to the jury nor did the jury know anything about the case. Therefore, it is apparent that the trial court did not abuse its discretion.

Finally, appellant contends that the trial court erred in not granting a mistrial when the trial court commented on the competency of appellant's counsel.

The record reflects that during Ms. Nicholas's testimony the following occurred after Ms. Nicholas had denied pointing and threatening appellant with a gun:

> Q: So you're denying pulling the gun on him, pointing it at him and threatening to blow his brains out. Is that correct?
>
> A: I'm denying that. Yes, I am.
>
> Court: I assume there's a basis for the question which will come up later.
>
> Mr. Steele [appellant's counsel]: Your honor, of course the witness in [sic] on cross-examination.
>
> Court: I know, but there has to be a basis for any question asked and if one is asked for which you know there's no factual basis for it, would be improper.
>
> Mr. Steele: Your honor, may we approach the bench, please?
>
> Court: Yes.

When appellant's counsel approached, he moved for a mistrial stating that the judge's comment would "unreservedly taint" the jury. The court inquired if counsel's client was going to testify that she had pulled a gun on him. Counsel responded that his cross-examination was based on what his client had told him. The court said all right, go ahead. Counsel renewed his motion, and it was denied. Appellant did not request an admonition to the jury.

■■ A mistrial is an extreme remedy that should only be

resorted to when there has been an error so prejudicial that justice could not be served by continuing the trial. *Brown* v. *State*, 38 Ark. App. 18, 827 S.W.2d 174 (1992). Also mistrial should only be granted under circumstances in which any possible prejudice cannot be removed by an admonition to the jury. *Burkhart* v. *State*, 301 Ark. 543, 785 S.W.2d 460 (1990). It does not appear from the record that the trial court had a deliberate intent to ridicule or demean counsel. It does appear that the judge was conducting the trial to ensure that the question was asked in good faith because counsel had previously asked the question three times. The record also indicates that the trial court instructed the jury to disregard anything it may have said or done which could have suggested that the jury should believe or disbelieve any witness or that the jury should reach a particular result. Therefore, we cannot say that the trial court erred in denying appellant's motion for a mistrial.

Affirmed.

JENNINGS. C.J. and PITTMAN, J., agree.