Louise SYKES *v*. STATE of Arkansas

CA CR 96-718                                           940 S.W.2d 888

Court of Appeals of Arkansas
Division III
Opinion delivered March 26, 1997

*William R. Simpson, Jr.*, Public Defender, by: *Scott C. Bles*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar, and *C. Joseph Cordi*, Deputy Public Defender.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. Appellant, Louise Sykes, was convicted after a bench trial of second-degree battery for spanking her eleven-year-old grandchild with a phone cord. She was sentenced to three years' probation, fined one hundred dollars, and ordered to complete a counseling program. On appeal, appellant argues that the evidence was insufficient to support her conviction. We agree and reverse.

On July 27, 1995, Officer Randy Woodall observed Xavier Calloway, age eleven, and two other young boys playing inside a fenced-in "construction hardware type company." The officer placed the boys in his patrol car and took each of them home. Officer Woodall transported Xavier to appellant's home because she was Xavier's legal guardian and his grandmother. Officer Woodall testified that he informed appellant what Xavier had been doing and explained what could happen to Xavier if this behavior continued and what could have happened if he had chosen to arrest Xavier for criminal trespass.

Xavier testified that he was inside a fenced-in area with two other boys. According to Xavier, one of the boys was a troublemaker, and appellant did not want him around that boy. Xavier said that appellant was not happy about the incident, and that she told him that she did not want him to get in trouble. Xavier testified that after the officer left appellant looked for a belt, but that she could not find one because his sister had hidden them. Xavier admitted that appellant had never used a phone cord before and that she only used the phone cord to spank him after she could not

find a belt. Xavier testified that after he was spanked he ran from the house and called the police. Officer Woodall responded to the call, returning to the home only thirty minutes after he had previously been there. He observed welts on Xavier, and he reported the incident.

The photographs admitted into evidence displayed marks on Xavier's arm, one mark on his leg, and one mark on his bottom. The photographs were taken approximately ten minutes after the spanking. There was no evidence of bruising or bleeding. There were no whelps or marks depicted on Xavier's back or any other part of his body. In fact, there were no other signs of physical injury except the few marks from the cord.

Appellant argues on appeal that the evidence is insufficient to support the finding that she used inappropriate and unreasonable physical force while disciplining her eleven-year-old grandson. We agree.

Arkansas Code Annotated § 5-13-202(a)(4)(C) (Supp. 1995) provides:

> (a)  A person commits battery in the second degree if:
> (4)  He intentionally or knowingly without legal justification causes physical injury to one he knows to be:
> (C)  An individual sixty (60) years of age or older or twelve (12) years of age or younger.

Physical injury means that impairment of physical condition or the infliction of substantial pain. Ark. Code Ann. § 5-1-102(14) (Repl. 1993). Arkansas Code Annotated § 5-2-605(1) (Repl. 1993) provides:

> The use upon another person of physical force that would otherwise constitute an offense is justifiable under any of the following circumstances:
> (1)  A parent, teacher, guardian, or other person entrusted with care and supervision of a minor or an incompetent person may use reasonable and appropriate physical force upon the minor or incompetent person when and to the extent reasonably necessary to maintain discipline or to promote the welfare of the minor or incompetent person.

■ ■ The test for determining sufficient proof is whether there is substantial evidence to support the verdict. *Black v. State*, 50 Ark. App. 42, 901 S.W.2d 849 (1995). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* Based on the facts in this particular case, we hold that the evidence is insufficient to support a finding that the physical force used by appellant in disciplining her grandchild was unreasonable or inappropriate under the circumstances. There may be more desirable methods of correction that could have been utilized in this situation, but we cannot say that the punishment inflicted rose to that of a battery in the second degree. Therefore, we find that the evidence is insufficient to support a conviction for second-degree battery.

Reversed.

PITTMAN and MEADS, JJ., agree.