Cite as 2020 Ark. 62

# SUPREME COURT OF ARKANSAS

No. CR–19–543

| | | |
|---|---|---|
| ANTHONY R. BEARD | | **Opinion Delivered:** February 13, 2020 |
| | APPELLANT | |
| V. | | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-17-190] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | | REVERSED AND REMANDED. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Anthony Beard was convicted of one count of rape and two counts of second-degree sexual assault and was sentenced to a term of life imprisonment plus forty years. On appeal, Beard argues that the circuit court erred in overruling his objection when an investigator testified that she found the allegations of sexual abuse were true and that the victims were credible. We reverse and remand for a new trial.

## I. *Facts*

Beard and the mother of M.L. and T.M. were married in August 2008. While living in Perla, M.L. befriended another girl in the neighborhood, J.C. Among other jobs, Beard delivered newspapers and would occasionally take the children on his paper route. Beard and the mother of M.L. and T.M. divorced in early 2014. In September 2015, shortly after Beard picked up T.M. around her tenth birthday, T.M. told M.L., her mother, and her aunt that Beard had touched her inappropriately. After T.M. came forward with her allegations, M.L. came forward with allegations of similar conduct on the part of Beard.

Jessica Bragg, an investigator with the Crimes Against Children Division of the Arkansas State Police, interviewed T.M. and M.L. at the Child Advocacy Center in Hot Springs. Bragg subsequently interviewed J.C. at the Child Advocacy Center. Beard was later charged with one count of rape by forcible compulsion of J.C., one count of sexual assault of J.C. when she was under the age of fourteen, one count of rape of T.M. when she was under the age of fourteen, and one count of sexual assault of M.L. when she was under the age of fourteen.

At the trial in December 2018, the State called Jessica Bragg as its first witness. During Bragg's direct-examination testimony, the following exchange occurred:

[PROSECUTOR]: At the close of both of these investigations did you make a finding in both of them?

[BRAGG]: Yes, sir. I found true for all three victims—

[DEFENSE COUNSEL]: Your Honor, I'm going to object. *Cox v. State*.

(Bench conference)

THE COURT: Sir?

[DEFENSE COUNSEL]: She can't be telling these people (inaudible) telling the truth. I'm basing my objection on *Cox v. State*—

. . .

[DEFENSE COUNSEL]: Okay. I'm objecting to her telling the jury she got a true finding because that means these kids are telling the truth, and that's not permitted by *Cox v. State*.

[PROSECUTOR]: She is required to make a finding. He did not ask her do you believe those children. He asked her what the factors are that determine whether or

2

how she makes a finding. And that's what she's answered. It's not—

THE COURT: Objection is premature. I'm overruling it.

[DEFENSE COUNSEL]: She made the statement that she found it to be true. That's where *Cox v. State* comes in.

THE COURT: Over her investigation. But not on individual statement of the kids.

(End of bench conference)

THE COURT: You may proceed.

[PROSECUTOR]: I'll repeat my question. As to both of these investigations what were your findings?

[BRAGG]: My findings for [M.L.], [T.M.], and [J.C.], all three of them, I found true for sexual abuse.

[PROSECUTOR]: And what were the factors in these particular investigations that you used to determine a true finding?

[BRAGG]: All three of the girls, when they were interviewed at the Child Advocacy Center—

[DEFENSE COUNSEL]: I'm going to object, Your Honor.

THE COURT: What's the basis of your objection?

[DEFENSE COUNSEL]: *Cox v. State* again, Your Honor. She's fixing to go—

THE COURT: Well, Mr. Crain. You're premature. Hadn't even got to the point that you can raise [an] objection if they're making statements concerning the children. You understand the children will make their own statements, Mr. Davis. You understand that?

[PROSECUTOR]: Yes, sir.

3

| | |
|---|---|
| THE COURT: | You're deriving their testimony out of this witness, are you? |
| [PROSECUTOR]: | No. |
| THE COURT: | That's what his objection is going toward, so. |
| [PROSECUTOR]: | You can answer the question. |
| [BRAGG]: | All three of the girls, they remained consistent in their interviews as well as detailed in their interviews and were very credible. |
| [DEFENSE COUNSEL]: | Your Honor, I'm going to object. *Cox v. State* again. |
| THE COURT: | Overruled. |
| [DEFENSE COUNSEL]: | It's also bolstering their testimony, Your Honor. |
| THE COURT: | What, Mr. Crain? |
| [DEFENSE COUNSEL]: | Bolstering their testimony. |
| THE COURT: | Well, she's using that based on her investigation, Mr. Crain. I know where you're trying to go, but it's not directed to that potential witness. That's what she did in her investigation and her findings from that. |
| [DEFENSE COUNSEL]: | She's saying what their interviews were, Your Honor. She's saying that— |
| [PROSECUTOR]: | She did not say anything they said in their interviews, Your Honor— |
| [DEFENSE COUNSEL]: | She doesn't have to say anything she said— |
| [PROSECUTOR]: | —she simply said that they made a disclosure. |
| [DEFENSE COUNSEL]: | She didn't have to say anything she said. She's saying her—I need to do this out of the jury— |

4

THE COURT: You need to reread that case. But I'm overruling your objection at this point in time.

The State also called the three victims to testify at trial. M.L. testified that she and J.C. would play a game with Beard called dungeon, in which Beard would take one of the girls to his room and tickle her. She testified that she saw Beard try to pull down J.C.'s pants on one occasion. M.L. also testified that Beard sexually assaulted or attempted to sexually assault her on three separate occasions: once at Beard's friend's house; once in Beard's bedroom, where he pulled down her pants, put lubricant on his penis, and rubbed it against her; and once on his paper route, when he tried to pull down her pants.

T.M., M.L.'s younger sister, testified that Beard touched her inappropriately while playing the dungeon game. She testified that on one occasion, Beard placed her on all fours on the bed, pulled down her pants, applied a lubricant, masturbated, and attempted to put his penis in her rectum. T.M. also testified that he made her sit on his penis while they were on his paper route, adding that it would go in a little bit, she would start crying, and he would stop. T.M. testified that Beard picked her up one day around her tenth birthday. On that day, she testified that they went to his house, where Beard attempted to put his penis in her rectum.

J.C. testified that she and M.L. were friends when they were about eleven years old. J.C. testified that Beard would pull her into his bedroom and touch her while they were playing the dungeon game. She testified that on one occasion, M.L. banged on the bedroom door with a hammer in an attempt to get her out when Beard was trying to pull down her pants. J.C. also testified that when she was seventeen years old, she contacted Beard, seeking to help him with his paper route. She testified that Beard forced her to have sex on at least

two occasions. J.C. became pregnant with his child, who was born in April 2016.

Beard testified in his defense and denied the allegations. Beard testified that the mother of M.L. and T.M. told the victims to falsify the allegations against him after he refused to rekindle their relationship. He also testified that the victims' mothers colluded to get the victims to falsify the allegations after they discovered J.C.'s pregnancy.

Following deliberations, the jury convicted Beard of the rape of T.M., second-degree sexual assault of M.L., and second-degree sexual assault of J.C. The jury acquitted Beard of the charge of rape by forcible compulsion of J.C. Beard was sentenced to life imprisonment and an additional forty years. Beard timely filed his appeal.

## II. *Analysis*

For his sole point on appeal, Beard argues that the circuit court abused its discretion by allowing Bragg to testify that she found the victims' allegations of sexual abuse were true and that the victims were "very credible." The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse a circuit court's decision regarding the admission of evidence absent a manifest abuse of discretion. *Price v. State*, 2019 Ark. 323, at 11–12, 588 S.W.3d 1, 8.

We have consistently recognized that an expert's or a witness's testimony opining or directly commenting on the truthfulness of a victim's statement or testimony is generally inadmissible. *Montgomery v. State*, 2014 Ark. 122, at 5–6. The rationale behind this rule is that such testimony invades the province of the jury, which alone determines the credibility of the witnesses and apportions the weight to be given to the evidence. *Id.* at 6. It is erroneous for the circuit court to permit an expert, in effect, to testify that the victim of a

crime is telling the truth. *Hill v. State*, 337 Ark. 219, 224, 988 S.W.2d 487, 490 (1999).[1]

The State concedes that the circuit court erred in admitting Bragg's testimony about the victims' credibility. The only issue, then, is whether such error was harmless. This court will declare the error harmless and affirm the conviction when the evidence of guilt is overwhelming and the error is slight. *Buford v. State*, 368 Ark. 87, at 91, 243 S.W.3d 300, 303 (2006). To determine whether the error is slight, we will look to see if the defendant was prejudiced. *Id.*

In other cases involving sexual assault, when the main evidence supporting conviction was the victims' testimony and statements, we have declined to hold that the admission of testimony regarding the victims' credibility was harmless error. In *Johnson v. State*, 292 Ark. 632, 732 S.W.2d 817 (1987), we concluded that the admission of a doctor's testimony that the victim was telling the truth was prejudicial error because the evidence—the doctor's opinion, evidence of inconsistent out-of-court statements made by the victim, and disputed testimony about an oral statement allegedly made by the defendant—was not overwhelming. Likewise, in *Logan v. State*, 299 Ark. 255, 773 S.W.2d 419 (1989), we held that the admission of testimony from a neurologist and a psychologist that, in essence, they thought the victim was telling the truth was prejudicial error.

The court of appeals has reached the same conclusion—the admission of testimony

---

[1]It is true, as the State points out, that Bragg did not testify as an expert witness. But she testified as an investigator with the Crimes Against Children Division of the Arkansas State Police, which could have led the jury to afford her testimony extra weight. In any event, we have recognized "that an expert's *or a witness's* testimony opining or directly commenting on the truthfulness of a victim's statement is generally inadmissible." *Montgomery*, 2014 Ark. 122, at 5–6 (emphasis added). Therefore, the fact that Bragg was not qualified as an expert witness does not change our analysis.

7

regarding the victims' credibility is prejudicial when the sole evidence is the victims' testimony. In *Cox v. State*, 93 Ark. App. 419, 220 S.W.3d 231 (2005), relied on by Beard, the court of appeals held that the admission of testimony from a forensic interviewer that she found the victim to be highly credible was not harmless error. Because the only evidence in *Cox* supporting conviction was the victim's testimony and her statements to others, "the outcome of the trial necessarily turned upon the victim's credibility." *Id*. at 423, 220 S.W.3d at 234. The court of appeals determined that the evidence was not overwhelming, and the error was not slight. *Id*.; *see also Purdie v. State*, 2010 Ark. App. 658, 379 S.W.3d 541 (admission of forensic examiner's testimony regarding the victim's credibility not harmless when the only evidence supporting conviction was the victim's inconsistent testimony and statements to third parties).

We have also held that the erroneous exclusion of impeachment evidence was prejudicial when the only evidence supporting conviction was the victims' testimony. In *Rogers v. State*, 2018 Ark. 309, 558 S.W.3d 833, we reversed rape convictions because the circuit court erred in not allowing the defendant to impeach one of the victims with a misdemeanor theft conviction. The sole evidence supporting conviction was the testimony of the four victims. We held the error was not harmless because the case rested solely on the victims' credibility, declaring that "because the only evidence to support Rogers's conviction was the victims' testimony, the victims' credibility was presumably a major consideration for the jury." *Id*. at 15, 558 S.W.3d at 842; *see also Scamardo v. State*, 2013 Ark. 163, 426 S.W.3d 900 (exclusion of victim's prior inconsistent statement as impeachment evidence not harmless where the main evidence supporting conviction was

8

the victim's testimony and statements to third parties).

In contrast, we have held that the admission of testimony commenting on the truthfulness of the victims was not prejudicial when there was other evidence supporting conviction in addition to the victims' testimony and statements. In *Buford v. State*, 368 Ark. 87, 243 S.W.3d 300 (2006), a forensic investigator testified that she believed the victim "is telling the truth" and "is credible"; we held that the circuit court's admission of this evidence was harmless error because there was independent eyewitness testimony along with graphic testimony from the victim. We determined that "any prejudice resulting from the circuit court's error was minimal and, *in light of the independent eyewitness testimony*, the error was slight." *Id.* at 91, 243 S.W.3d at 303 (emphasis added). Similarly, in *Russell v. State*, 289 Ark. 533, 712 S.W.2d 916 (1986), we concluded that the circuit court's admission of testimony from a psychologist that the history given by the victim was consistent with sexual abuse was harmless error because the evidence against the defendant was overwhelming: a pediatrician testified about physical evidence consistent with sexual abuse, and the victim gave explicit, graphic, and unequivocal testimony.

In this case, the victims' testimony is the only evidence supporting conviction. There are no independent eyewitnesses, and there is no physical evidence. Such evidence is not required for conviction, as the uncorroborated testimony of a rape victim is sufficient to support a conviction of rape. *Brown v. State*, 374 Ark. 341, 343, 288 S.W.3d 226, 228–29 (2008). We recognize that the victims provided graphic testimony at trial and that they each described similar conduct on the part of Beard. But the issue here is not sufficiency of the evidence; it is whether the erroneous admission of testimony commenting on the victims'

truthfulness is prejudicial. Bragg's testimony that she found the allegations were true and the victims were "very credible" directly bolstered the victims' credibility. Because this case necessarily turns on their credibility, we cannot say the circuit court's error in admitting Bragg's testimony was slight. Accordingly, we reverse Beard's convictions and remand for a new trial.

Reversed and remanded.

KEMP, C.J., and WOOD and WOMACK, JJ., dissent.

**JOHN DAN KEMP, Chief Justice, dissenting.** I respectfully disagree with the majority's decision to reverse and remand the case for a new trial. In my view, the circuit court's error was harmless, and I would affirm Beard's convictions and sentences.

As a general rule, this court has held that when the evidence of guilt is overwhelming and the error is slight, we can declare that the error was harmless and affirm. *See Collins v. State*, 2019 Ark. 110, 571 S.W.3d 469; *see also Kelley v. State*, 2009 Ark. 389, 327 S.W.3d 373 (affirming a rape conviction and determining that the error was harmless in admitting two prior convictions involving indecency with a minor). In determining whether the error is slight, we look to see if the defendant has been prejudiced. *Johnston v. State*, 2014 Ark. 110, 431 S.W.3d 895.

In *Buford v. State*, 368 Ark. 87, 243 S.W.3d 300 (2006), this court held that the circuit court erred in admitting the testimony of Carman Howell, a child-abuse expert at St. Joseph Hospital in Hot Springs, that a child victim was credible. In *Buford*, the prosecutor asked Howell whether, in her opinion, the victim was telling the truth about an incident at Buford's apartment. Buford objected, and the circuit court overruled the objection. Howell

10

responded, "I believe that J.[M.] is telling the truth. I believe that J.[M.] is credible." When the prosecutor followed up by repeating "[a]nd you believe that," Howell interjected, "Wholeheartedly." *Id.* at 89, 243 S.W.3d at 302. We held that the circuit court erred in admitting the testimony but ultimately concluded that the error was harmless because independent eyewitness testimony corroborated J.M.'s description of the rape. We concluded,

> Even when a circuit court errs in admitting evidence, we have held that when the evidence of guilt is overwhelming and the error is slight, we can declare that the error was harmless and affirm the conviction. *Barrett v. State*, 354 Ark. 187, 119 S.W.3d 485 (2003); *Russell v. State*, [289 Ark. 533, 712 S.W.2d 916 (1986)]. To determine if the error is slight, we can look to see if the defendant was prejudiced. *Barrett v. State*, *supra*. Although we have concluded that the circuit court erred in admitting the testimony of the expert witness, we further conclude that the error was slight. It is well settled that uncorroborated testimony of a rape victim is sufficient to support a conviction. *Williams v. State*, 363 Ark. 395, 214 S.W.3d 829 (2005). Here, testimony elicited at trial provided graphic details of the rape. J.M. testified that Buford raped him, and independent eyewitness testimony corroborated J.M.'s description of what Buford did to him. Thus, any prejudice resulting from the circuit court's error was minimal and, in light of the independent eyewitness testimony, the error was slight. In other words, the evidence of Buford's guilt is overwhelming, and the error is slight. We therefore declare that the circuit court's error in admitting opinion testimony on the victim's credibility was harmless.

*Id.* at 91, 243 S.W.3d at 303–04.

In the present case, the prosecutor elicited opinion testimony from Bragg that "[a]ll three of the girls, they remained consistent in their interviews as well as detailed in their interviews and were very credible," and the circuit court overruled defense counsel's objection. The State concedes error but argues to this court that the error was harmless. I agree.

In assessing whether the error was harmless, I maintain that the evidence against

11

Beard is overwhelming because each victim provided similar, graphic details of the rape and sexual assaults. Although the State failed to present any evidence to corroborate each victim's testimony, such as eyewitness testimony or expert testimony from a physician or therapist, all three victims described what this court emphasized in *Kelley* as "remarkably similar conduct on the part of [the defendant.]" *Kelley*, 2009 Ark. 389, at 20, 327 S.W.3d at 383. All three victims provided detailed testimony recounting numerous times that Beard engaged in game-playing, fondled them, used lubricant, and placed them in similar sexual positions. Thus, in my view, any prejudice to Beard resulting from Bragg's testimony was minimal, and the error was slight when considering the overwhelming evidence of Beard's guilt. Accordingly, I conclude that the circuit court's error in admitting Bragg's opinion testimony on the victims' credibility was harmless.

I respectfully dissent.

WOOD and WOMACK, JJ., join.

*Mark Alan Jesse*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.