Cite as 2024 Ark. App. 613

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-23-700

| | |
|---|---|
| | Opinion Delivered December 11, 2024 |
| JENNIFER LEIGH HILL | |
| APPELLANT | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-22-80] |
| V. | |
| | HONORABLE ROBERT B. GIBSON III, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## CINDY GRACE THYER, Judge

Jennifer Leigh Hill was convicted by an Ashley County jury of possession of a controlled substance (methamphetamine) and possession of drug paraphernalia.[1] She was sentenced to fifteen years in the Arkansas Division of Correction on both counts to be served consecutively. She now appeals her convictions,[2] claiming that her Fourth Amendment rights were violated by the warrantless entry into her home by law enforcement officers.

---

[1]Hill was acquitted on the charges of simultaneous possession of drugs and firearms and of possession of a firearm by certain persons. Thus, the facts forming the basis of those charges are not discussed herein, except to the extent they are relevant to the issues before us.

[2]This is the second time this case has come before this court. Originally it was submitted to us as a no-merit brief, but we ordered rebriefing due to briefing deficiencies. *Hill v. State*, 2024 Ark. App. 385. It has now returned as a merit brief.

Because she failed to raise this argument below and because her arguments do not fall within any of the exceptions to the contemporaneous-objection rule, her argument is not preserved for appeal. Accordingly, we affirm.

On March 10, 2022, the Tenth Judicial Drug Task Force and the Ashley County Sheriff's Department conducted an address check on probationer Jennifer Hill at her home in Hamburg, Arkansas. The door to the home was not properly latched, and when agents knocked on her door, it opened. As the door opened, agents saw Hill asleep in a recliner in the living room.

Officers went inside, spoke with Hill, explained the purpose of their visit, and informed her they were going to conduct a search of the residence. The officers found firearms in a locked cabinet in the living room and in a closet in a bedroom.

Agent Tad Huntsman saw Hill's purse on the floor beside the recliner. When he picked it up, Hill attempted to snatch it back from him, telling him that he was not allowed to search her purse. Huntsman told her that, as a probationer, a search of her purse is lawful, and she handed it to Agent James Slaughter. When Agent Slaughter searched the purse, he discovered a small cardboard container. Inside the container were two residue-containing glass pipes commonly used for smoking methamphetamine. He also found a bag of a crystal substance, which subsequently tested positive for methamphetamine.[3]

---

[3]Two samples, one weighing 1.89 grams and the other weighing 0.36 grams, were tested. Huntsman testified that this represented a usable amount of methamphetamine.

After being advised of her *Miranda* rights, Hill admitted that the drugs and the pipes were hers. However, she stated that the firearms belonged to her husband and son, and she denied having a key to the locks on the television cabinet. A key to the locks, however, was found in her purse, and female clothing, makeup, and jewelry were found in the bedroom where the firearms were located.

As a result, Hill was arrested and charged with possession of methamphetamine; possession of drug paraphernalia; simultaneous possession of drugs and firearms; and being a felon in possession of a firearm. She was ultimately convicted of possession of a controlled substance (methamphetamine) and possession of drug paraphernalia and acquitted of the charges of simultaneous possession of drugs and firearms and of possession of a firearm by certain persons. Thereafter, she filed a timely appeal of her drug convictions.

On appeal, Hill argues that her Fourth Amendment rights were violated when the police entered her home without a warrant or her consent pursuant to an alleged probation waiver. She first complains that the State failed to prove that she ever executed a waiver. She then argues that, even if a waiver had been executed, a probation waiver requires a probationer to consent to a search *when requested by law enforcement* and that the police never asked her consent prior to entry because she was asleep when they entered her residence. Citing *Virgil v. State*, 2020 Ark. App. 314, 603 S.W.2d 603 (conviction reversed due to police failure to inform inhabitant of the right to refuse a warrantless search of home before entry), she notes that, although she would likely face revocation of her probation if she failed to

3

consent to the search, she still had the right to refuse consent before the police entered her home.

We need not reach her arguments because she failed to file a motion to suppress or make a contemporaneous objection to the testimony regarding the search or the results thereof. In her brief, Hill acknowledges that she failed to do so but argues nonetheless that this court can reach the merits of her argument under the third exception to the contemporaneous-objection rule described in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). She claims that the circuit court's failure to uphold the plain language of the waiver law was so egregious that the circuit court should have granted a mistrial sua sponte. She is incorrect.

To preserve an issue for appeal, a defendant must object at the first opportunity. *Tiarks v. State*, 2021 Ark. App. 325, 633 S.W.3d 788. Issues raised for the first time on appeal, even constitutional ones, generally will not be considered. *Witherspoon v. State*, 2020 Ark. App. 468. In *Wicks*, however, the supreme court recognized four exceptions to this rule. The third exception, which Hill asks us to apply here, concerns issues for which the circuit court had a "duty to intervene, without an objection, and correct a serious error either by an admonition to the jury or by ordering a mistrial." 270 Ark. at 786, 606 S.W.2d at 369. This exception, however, "is limited to only those errors affecting the very structure of the criminal trial, such as the fundamental right to a trial by jury, the presumption of innocence, and the State's burden of proof." *White v. State*, 2012 Ark. 221, at 10, 408 S.W.3d 720, 726. *Wicks* exceptions to the contemporaneous-objection rule are "rarely applied." *Roberts v. State*, 2023

Ark. App. 115,, at 11–12, 662 S.W.3d 668, 676 (quoting *Anderson v. State*, 353 Ark. 384, 398, 108 S.W.3d 592, 600–01 (2003)).

Here, it is undisputed that Hill failed to move to suppress the evidence at issue or to make a contemporaneous objection. We have previously held that the failure to object to the suppression of evidence is not the sort of error that *Wicks* exempted from the contemporaneous-objection requirement. *Camacho-Mendoza v. State*, 2009 Ark. App. 597, 330 S.W.3d 46. Accordingly, we affirm.

Affirmed.

GLADWIN and HIXSON, JJ., agree.

*Sharon Kiel*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.