Cite as 2025 Ark. App. 329

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-24-368

| | |
|---|---|
| SAMMIE JEAN SCHANCER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered May 28, 2025<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CR-22-2099]<br><br>HONORABLE MARK LINDSAY, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Sammie Jean Schancer appeals her convictions for residential burglary and third-degree battery by a Washington County jury. Schancer argues that the circuit court erred by (1) determining that the intent to commit a felony was not necessary to support a charge of residential burglary, (2) denying her motions for directed verdict on both charges, and (3) limiting and excluding her testimony regarding her purpose in entering the property in question. We affirm.

## I. *Factual Background*

On August 8, 2022, Mashaun Mosbey left her trash can outside of her apartment. Schancer, Mosbey's neighbor, was upset by the trash can being left out because it would smell, particularly in the summer. Schancer alleges that she politely asked Mosbey to take the trash can inside. Mosbey testified that she heard Schancer yelling at the maintenance man

over it being left out. Regardless, it is undisputed that Mosbey brought the trash can into her home at this time. Later that evening, Schancer returned to Mosbey's apartment. Schancer testified that she went to Mosbey's apartment to talk with Mosbey about Mosbey's locking her children outside and making racist comments. The State objected to this testimony, and the court sustained both objections. Schancer did not object to the circuit court's sustaining the objection regarding Mosbey allegedly leaving her children outside. Schancer did argue that the racist comments were relevant and not hearsay.

Schancer also testified that she knocked and was let into the apartment by Mosbey. Mosbey and her minor son testified that Schancer forced her way into the apartment. Schancer admitted that she pulled Mosbey's hair once she was inside the apartment, but she alleges that this was not her purpose when entering the apartment. Mosbey testified that Schancer hit her multiple times, threw her to the ground, and grabbed Mosbey's hair so roughly that "it took a good chuck of hair out." Mosbey further testified that following the altercation, she had "a sore back and tailbone from hitting the floor so many times" and that the pain lasted a couple of days.

The circuit court denied Schancer's motions for directed verdict, and the jury convicted Schancer of residential burglary and third-degree battery. Schancer was sentenced to concurrent sentences of five years' probation on the residential-burglary conviction and six months' probation on the third-degree-battery conviction. This appeal followed.

II. *Sufficiency of the Evidence*

A motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Kinsey v. State*, 2016 Ark. 393, 503 S.W.3d 772. When reviewing a challenge to the sufficiency of the evidence, we must assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Pittman v. State*, 2024 Ark. App. 48, 682 S.W.3d 754. We affirm a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.* Witness credibility is an issue for the fact-finder, which may believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* Furthermore, we will not reverse a circuit court's decision regarding the admission of evidence absent a manifest abuse of discretion. *Beard v. State*, 2020 Ark. 62, 594 S.W.3d 29.

A. Residential Burglary

A person commits residential burglary if she "enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment." Ark. Code Ann. § 5-39-201(a)(1) (Repl. 2024). Schancer first argues that to sustain a conviction for residential burglary, the underlying intent must be to commit a felony. In support, Schancer relies on *Holt v. State*, 2011 Ark. 391, 384 S.W.3d 498. Contrary to Schancer's claims, however, this issue is well settled in this court. This court has previously held that a misdemeanor is punishable by imprisonment; accordingly, an intent to commit a misdemeanor can fulfill

3

the underlying intent required for commercial burglary. *See, e.g.*, *Milner v. State*, 2020 Ark. App. 546; *Gillean v. State*, 2015 Ark. App. 698, at 11, 478 S.W.3d 255, 263; *Washington v. State*, 2013 Ark. App. 148, at 4 ("Since misdemeanor theft of property is an offense punishable by imprisonment, both elements of the commercial-burglary statute have been satisfied."). In *Milner* this court articulated the correct standard:

> On appeal, Milner argues that there was no evidence that he entered his uncle's residence with the purpose to commit "a felony." This is not the standard, however, as the statute is clear that one must have the purpose of committing an offense "punishable by imprisonment." In addition to arson, Milner was also convicted of theft of property—which he does not challenge on appeal—and theft of property is punishable by imprisonment.

*Milner*, 2020 Ark. App. 546, at 6–7 (footnote omitted).

Likewise, in *Gillean*, this court explicitly distinguished the holding in *Holt* from a nearly identical argument to that made in the instant case:

> Gillean argues that [because of the *Holt* holding] our supreme court has interpreted the commercial-burglary statute to require intent to commit a felony.
>
> Gillean's contention is incorrect for two reasons. First, because the court in *Holt* declined to reach the issue of intent, the interpretation of the residential-burglary statute is dicta, and our appellate courts are not bound by mere comments not intended as a decision of the court. *Green v. State*, 343 Ark. 244, 251, 33 S.W.3d 485, 490 (2000). Dicta includes any discussion or comment in an opinion that is unnecessary to the decision reached. *Id.* Secondly, since *Holt*, our court has held that misdemeanor theft of property is sufficient to support a burglary charge. *See Washington v. State*, 2013 Ark. App. 148, at 4 ("Since misdemeanor theft of property is an offense punishable by imprisonment, both elements of the commercial-burglary statute have been satisfied.").

*Gillean*, 2015 Ark. App. 698, at 11, 478 S.W.3d at 263. The statutory language setting forth the punishment for residential burglary and commercial burglary on this point are identical, and to hold them to different standards would cut against the plain language of the statute. *Compare* Ark. Code Ann. § 5-39-201(a)(1) (residential burglary) (". . . punishable by imprisonment.") *with* § 5-39-201(b)(1) (commercial burglary) (". . . punishable by imprisonment."). We again confirm that the requirement that there be an intent to commit a *felony* is dicta and erroneous. Intent to commit a misdemeanor is sufficient to support a conviction for both residential and commercial burglary since misdemeanors are punishable by imprisonment. Accordingly, in the instant case, the intent to commit third-degree battery, a Class A misdemeanor, was sufficient to satisfy the required intent for residential burglary.

Next, Schancer asserts that there was insufficient evidence that she entered Mosbey's apartment unlawfully. Mosbey testified that Schancer "barged into the door, the door hit [Mosbey], [Mosbey] hit her a\*\*, [Schancer] then proceeded to enter into the house, grabbed [Mosbey] up off the floor, threw [Mosbey] back down to the ground, and this happened several times." Mosbey's minor child, MC, also testified that Schancer "busted her way into the door and knocked my mom back." MC also testified that he and his siblings locked themselves in the back room, they heard banging, and Schancer attempted to force her way into the back room as well. Furthermore, Schancer herself testified that Mosbey attempted to walk away, and Schancer grabbed Mosbey by her hair. Before she grabbed Mosbey's hair, Mosbey was not aggressive, threatening, or violent towards Schancer. Schancer is essentially asking this court to reweigh the credibility of the witnesses in her favor. Credibility

determinations, however, are left to the jury, and it is free to believe all or part of any witness's testimony. *Wood v. State*, 2024 Ark. App. 601, at 5, 703 S.W.3d 507, 509.

Even if, however, Schancer's entry into Mosbey's apartment was lawful, she *remained* unlawfully in the apartment. This court has previously held that "a person's license or privilege to enter a home is revoked once that person inflicts injury upon the owner." *Holland v. State*, 2017 Ark. App. 49, at 5, 510 S.W.3d 311, 314. Schancer testified that she grabbed Mosbey's hair when she was in Mosbey's apartment. Accordingly, even if the jury did believe that Schancer entered the apartment lawfully, the jury was free to believe that Schancer remained in the apartment unlawfully in violation of the residential-burglary statute. *See* Ark. Code Ann. § 5-39-201(a)(1) ("enters or *remains* unlawfully in a residential occupiable structure") (emphasis added).

## B. Third-Degree Battery

Schancer argues that the evidence was insufficient to support her conviction for third-degree battery because there was no evidence that Mosbey sustained an injury.

A person commits third-degree battery if "[w]ith the purpose of causing physical injury to another person, the person causes physical injury to another person." Ark. Code Ann. § 5-13-203(a)(1) (Repl. 2024). Aa relevant to the instant case, "physical injury" is defined as "[i]nfliction of bruising, swelling, or a visible mark associated with physical trauma" or "[i]nfliction of substantial pain."[1] Ark. Code Ann. § 5-1-102(14)(B)–(C) (Repl. 2024). Pain

---

[1] Physical injury can also be "substantial pain," which is not defined by statute and is subjective in nature. It is a question of fact for the jury to determine.

is a subjective matter and difficult to measure from testimony. *Sykes v. State*, 57 Ark. App. 5, 940 S.W.2d 888 (1997). In determining whether an injury inflicts substantial pain, the fact-finder must consider all the testimony and may consider the severity of the attack and the sensitivity of the area of the body to which the injury is inflicted. *Id.* Moreover, the fact-finder is not required to set aside its common knowledge and may consider the evidence in light of its observations and experiences in the affairs of life. *Id.*

Mosbey testified that Schancer hit her multiple times, threw her to the ground, and grabbed Mosbey's hair so roughly that "it took a good chuck of hair out." Moreover, Mosbey testified that following the altercation, she had "a sore back and tailbone from hitting the floor so many times" and that the pain lasted a couple of days. While Corporal Wyatt Rupley testified that he did not see any marks or bruises on Mosbey in the moments following the incident, he admitted that he did not look for any marks or bruises later. Likewise, Corporal Rupley testified that he was not searching the house for evidence of pulled hair. Accordingly, viewing the evidence in the light most favorable to the verdict, this testimony is sufficient to support a physical injury either in the form of a visible mark or in the form of a bruise. Again, the issue of credibility of witnesses is an issue for the jury, and the jury is free to believe all or part of any witness's testimony. *Bethune v. State*, 2025 Ark. App. 107, at 9. Furthermore, "the uncorroborated testimony of one State witness is sufficient to sustain a conviction." *Id.*

III. *Schancer's Testimony*

Schancer next argues that the circuit court erred when it sustained objections to Schancer's testimony regarding Mosbey's (1) locking her children outside and (2) racist

7

statements made by Mosbey a few weeks before the incident in question. Schancer first argues that the circuit court erred by finding that the statements were hearsay and, second, in finding that they were not relevant.

As a preliminary matter, Schancer did not preserve the issue regarding Mosbey's children being left outside. To preserve an issue for appeal, a defendant must object at the first opportunity. *Hill v. State*, 2024 Ark. App. 613. Issues raised for the first time on appeal, even constitutional ones, generally will not be considered. *Id.* Defense counsel did not object when the circuit court sustained the State's objection on this issue and simply asked, "Can I have a moment to tell her?" Defense counsel later admonished Schancer, stating, "We're not going to go anymore into that, okay?" There is no record of Schancer's objecting to the circuit court's decision to sustain the State's objection to those statements. Accordingly, this claim was not preserved for our review.

As for the racist statements, we will not reverse a circuit court's decision regarding the admission of evidence absent a manifest abuse of discretion. *Beard*, 2020 Ark. 62, at 6, 594 S.W.3d at 32. An abuse of discretion is an exceptionally high threshold that requires more than just an error by the circuit court; rather, it "requires that the court acted improvidently, thoughtlessly, or without due consideration." *Grant v. State*, 357 Ark. 91, 93, 161 S.W.3d 785, 786 (2004). Moreover, this court will not reverse a circuit court's evidentiary ruling absent a showing of prejudice. *Vasquez v. State*, 2025 Ark. App. 65, at 9, 704 S.W.3d 886, 892. In the instant case, the objected-to and sustained testimony involved Mosbey's allegedly racist statements. It is extremely unclear when these statements were made and what these

statements even consisted of. Schancer simply characterized them as racist statements both at trial and on appeal. With such little information, the circuit court did not abuse its discretion in sustaining the State's objection to this testimony on relevance grounds.

Even assuming, however, that the court abused its discretion in sustaining the State's objection to testimony about the racist statements, Schancer cannot show prejudice. Schancer argues that the statements were necessary to show her purpose for *going to* Mosbey's apartment. Even assuming this is accurate, Schancer's purpose for going to the apartment is not the same as her purpose for (illegally) *entering* or *remaining* in Mosbey's apartment. Schancer could very well have intended to go to the apartment with the intent to confront Mosbey with the racist statements Mosbey had made previously. The testimony at trial, however, was sufficient to illustrate that this intent changed once she entered Mosbey's apartment. Accordingly, Schancer failed to illustrate how the jury's failure to hear the sustained testimony prejudiced her.

IV. *Conclusion*

For the reasons stated, the circuit court did not err in denying Schancer's motions for direct verdict, and even if the circuit court did err in limiting Schancer's testimony about the racist comments, Schancer did not suffer any prejudice from this denial. Accordingly, we affirm.

Affirmed.

THYER and HIXSON, JJ., agree.

*Rebekah J. Kennedy*, for appellant.

9

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.